CHARBENEAU v WAYNE COUNTY GENERAL HOSPITAL

Docket No. 87645. Submitted October 14, 1986, at Detroit. Decided February 23, 1987.

Benedict Charbeneau brought an action in the Wayne Circuit Court, alleging negligence by Wayne County General Hospital. The trial court, Roland L. Olzark, J., granted defendant's motion for summary disposition on the basis of governmental immunity. Plaintiff appealed.

The Court of Appeals *held:*

1. This action was pending in the trial court on January 22, 1985, and consistent with *Hyde v University of Michigan Bd of Regents,* 426 Mich 223 (1986), the trial court correctly held that the rules announced in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567 (1984), apply to this case.

2. In order to properly plead that a governmental activity is proprietary in nature, for which a governmental agency is not immune from liability, a plaintiff must allege that the primary purpose of the activity is to produce a pecuniary profit and that the activity is not normally supported by taxes or fees. Plaintiff alleged neither in this case.

3. Plaintiff did not allege in his complaint nor did he raise as an issue at the hearing on defendant's motion for summary disposition the claim that defendant exceeded its statutory mandate and is thus not immune from liability. The trial court did not abuse its discretion in declining, as the Court of Appeals did, to consider the claim.

4. The Court of Appeals found no merit in plaintiff's due process and equal protection claims.

Affirmed.

GOVERNMENTAL IMMUNITY — PLEADING — PROPRIETARY FUNCTIONS.

A plaintiff must allege that the primary purpose of a governmen-

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability §§ 310-312.

Comment Note.—Municipal immunity from liability for torts. 60 ALR2d 1198.

State's immunity from tort liability as dependant on governmental or proprietary nature of function. 40 ALR2d 927.

tal activity is to produce a pecuniary profit and that the activity is not normally supported by taxes or fees in order to properly plead that the activity is proprietary in nature for which the governmental agency is not immune from liability for negligence (MCL 691.1413; MSA 3.996[113]).

*Rifkin & Kingsley, P.C.* (by *Lori D. Weisberg*), for plaintiff.

*John D. O'Hair,* Corporation Counsel, and *Glen H. Downs,* Assistant Corporation Counsel, for Wayne County General Hospital.

Before: GRIBBS, P.J., and HOOD and R. R. FERGUSON,* JJ.

PER CURIAM. This appeal arises from the dismissal of plaintiff's suit against Wayne County General Hospital. Defendant moved for summary disposition of the complaint against it on the ground that it was immune from suit on plaintiff's claims.

In his complaint, plaintiff alleges that while he was a patient at Wayne County General Hospital his roommate assaulted him; that defendant failed to properly train its employees; that, knowing of plaintiff's assailant's violent tendencies, defendant failed to inform plaintiff of the risks inherent in being in the same room with his assailant, failed to apply restraints to plaintiff's assailant, and failed to properly medicate or supervise plaintiff's assailant; and that defendant failed to provide guards or security personnel to prevent assaults and batteries.

On appeal, plaintiff alleges that defendant hospital is not immune from suit because (1) the operation of a hospital is a proprietary function, and (2) the operation of Wayne County General Hospital

---

* Circuit judge, sitting on the Court of Appeals by assignment.

exceeds the statutory mandates of MCL 331.212a; MSA 14.1150(12a). Plaintiff further alleges that the trial court improperly retroactively applied *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), to his claim, and that the application of the governmental immunity statutes to his claim denied him due process and equal protection.

We note initially that the trial court properly applied *Ross v Consumers Power, supra,* to plaintiff's complaint. In *Hyde v University of Michigan Bd of Regents,* 426 Mich 223, 241; 393 NW2d 847 (1986), our Supreme Court held that *Ross* applied to suits commenced or pending in the trial or appellate courts on the date of its release, January 22, 1985. Plaintiff's suit was pending in the trial court on that date and thus *Ross* is properly applied to plaintiff's claim.

We address the remainder of plaintiff's claims in order.

When bringing suit against a governmental agency, a plaintiff has the burden of pleading facts in avoidance of immunity. *Hyde, supra,* p 261.

In order to properly plead that a governmental activity is proprietary in nature, the plaintiff must allege that the primary purpose of the activity is to produce a pecuniary profit *and* that the activity is not normally supported by taxes or fees. MCL 691.1413; MSA 3.996(113); *Hyde, supra,* pp 258-260. Plaintiff alleged neither here. The *Hyde* Court rejected plaintiff's argument that the mere operation of a general hospital, involving collection of compensation from patients, is necessarily a proprietary function.

Plaintiff's argument that Wayne County General Hospital "exceeded" its statutory mandate, and thus is not immune, is based on plaintiff's allegations that Wayne County General Hospital treats

persons other than those suffering from contagious diseases, indigents, and those in need of emergency care to prevent loss of life or serious bodily impairment. See MCL 331.212a; MSA 14.1150(12a).

We decline, on procedural grounds, to decide the merits of plaintiff's allegations that the operation of Wayne County General Hospital is ultra vires.

Plaintiff did not plead such ultra vires activity in his complaint and did not argue that theory at the hearing on defendant's motion,[1] and thus summary disposition was properly granted. *Hyde, supra,* p 261. Plaintiff did raise the present argument when he moved for reconsideration, but we cannot say that denial of reconsideration was error.

Generally, a motion for rehearing or reconsideration must demonstrate a "palpable error by which the court and the parties have been misled." MCR 2.119(F)(3). The grant or denial of a motion for reconsideration rests within the discretion of the trial court. *Id.* We find no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order.

Finally, we reject plaintiff's due process and equal protection claims.

First, plaintiff failed to present these issues to the trial court. Generally, constitutional challenges to a statute may not be raised for the first time on appeal. *Brookdale Cemetery Ass'n v Lewis,* 342 Mich 14, 18; 69 NW2d 176 (1955); *Lumber Village, Inc v Siegler,* 135 Mich App 685, 692; 355 NW2d 654 (1984).

---

[1] We reject plaintiff's claim that he argued this theory at the hearing on defendant's motion for summary disposition. Counsel's argument that the hospital accepted compensation from those able to pay was not dispositive of whether the care of those persons was ultra vires. Further, counsel's statements were clearly made in the context of plaintiff's theory that the hospital's activities were proprietary in nature.

Moreover, plaintiff's due process and equal protection claims lack merit. *Allen v Dep't of Mental Health,* 79 Mich App 170; 261 NW2d 247 (1977); *Kriger v South Oakland Co Mutual Aid Pact,* 49 Mich App 7; 211 NW2d 228 (1973), rev'd on other grounds 399 Mich 835 (1977).

The trial court's order of summary disposition is affirmed.