# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 13, 2006

127515

CHRISTOPHER D. BENTFIELD,
      Plaintiff-Appellee,

v

BRANDON'S LANDING BOAT BAR, DAVID
WATTS, INC., and DAVID WATTS,
      Defendants-Appellants.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 127515
COA: 248795
Oakland CC: 2002-039613-NO

      On December 14, 2005, the Court heard oral argument on the application for leave to appeal the August 31, 2004 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE Part III of the Court of Appeals opinion and REINSTATE the Oakland Circuit Court's order denying plaintiff's motion for reconsideration. For the reasons stated in the partially dissenting opinion in the Court of Appeals, the trial judge did not abuse her discretion when she denied plaintiff's motion for reconsideration.

      CAVANAGH, J., would deny leave to appeal.

      MARKMAN, J., dissents and states as follows:

      I would deny leave to appeal. In denying plaintiff's motion for reconsideration, the trial court held that plaintiff "merely present[ed] the same issues ruled upon previously by this Court . . . ." This statement was an error because plaintiff argued for the first time in his motion for reconsideration that defendant was liable under MCL 554.139. The dissent in the Court of Appeals, upon which the majority relies, asserted that "'[w]e find no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order.'" *Bentfield v Brandon's Landing Boat Bar,* unpublished opinion per curiam of the Court of Appeals, issued August 31, 2004 (Docket No. 248795) (Meter, J., concurring in part and dissenting in part), quoting *Charbeneau v Wayne Co Gen Hosp*, 158 Mich App 730, 733 (1987). However, it also would not necessarily have been an abuse of discretion to have

*considered* a motion for reconsideration resting upon a new legal theory. See MCR 2.119(F)(3). The trial court simply failed to recognize that plaintiff was raising a new legal theory and, as a result, failed to exercise its discretion to consider (or not consider) plaintiff's argument. The trial court's failure to exercise its discretion was itself an abuse of discretion.

KELLY, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 13, 2006

Clerk

t0110