# STATE OF MICHIGAN

# COURT OF APPEALS

RANDY HATFIELD,

       Plaintiff-Appellant,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

       Defendant/Third-Party Plaintiff-
Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Third-Party Defendant-Appellee.

UNPUBLISHED
July 26, 2018

No. 341177
St. Joseph Circuit Court
LC No. 2014-000560-NF

Before: HOEKSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order of November 6, 2017, granting defendant/third-party plaintiff, Progressive Michigan Insurance Company, summary disposition to as to plaintiff's entire no-fault benefits action. The trial court originally entered a similar order on January 22, 2016. On plaintiff's appeal of that order, this Court affirmed as to the dismissal of plaintiff's wage-loss claim but remanded "for further proceedings and clarification regarding whether the trial court intended to dismiss plaintiff [sic] entire claim based on fraud or whether it intended merely to dismiss the claim for wage-loss benefits." *Hatfield v Progressive Michigan Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued June 6, 2017 (Docket No. 331654) (*Hatfield I*), slip op at 3-4. On October 20, 2017, the trial court held a hearing and clarified that it intended to dismiss plaintiff's entire case because "there was a mischaracterization/misrepresentation in the applications . . . ." We affirm.

The factual background of plaintiff's claim and Progressive's fraud defense are set forth in *Hatfield I* and need not be repeated in full here. Plaintiff, who had been unemployed for a long time, was in an automobile accident on February 9, 2014. Plaintiff submitted a claim to Progressive that included a claim that asserted he was to start full-time employment on February 10, 2014 with Hometown Painting at a wage of $15 an hour for 40 hours or more a week.

-1-

Plaintiff supported his claim by submitting to Progressive an unsworn, handwritten document labeled "Attestation" that was signed by purported co-owner of Hometown Painting, Randall Miller. Mike Androsky was the other co-owner. Progressive refused to pay plaintiff no-fault benefits on the basis of the insurance policy's fraud provision. Plaintiff brought this lawsuit.

During discovery, plaintiff was deposed and testified "that he was supposed to start work as a painter for Hometown Painting on February 10; that he spoke to both Miller and Androsky regarding the job in December 2013; that the job was for 40 hours a week with a pay rate of $15 an hour[.]" *Hatfield I*), slip op at 2. Progressive deposed Androsky, who testified "that he was the sole owner of Hometown Painting; that he never offered plaintiff a painting job; that Miller was a subcontractor and did not have the authority to offer plaintiff a job with Hometown Painting; that he would not hire a painter two months in advance for February; and that neither he nor Miller worked 40 hours a week." *Id*. at 2-3. Progressive filed its motion for summary disposition of plaintiff's complaint based on the above summarized evidence. Plaintiff submitted no evidence in response. *Id*. at 3.

The trial court granted Progressive's motion and entered its order on January 22, 2016, dismissing plaintiff's entire complaint. Plaintiff moved for reconsideration, raising new legal arguments and allegedly attaching an affidavit of Kenneth Walker.[1] The trial court denied plaintiff's motion on February 5, 2016.

During the pendency of the first appeal, plaintiff sought remand of the case to move for relief from judgment. Plaintiff based his motion on two affidavits he obtained after the trial court granted summary disposition. The first, the Walker affidavit, dated February 1, 2016, concerned an alleged chance encounter involving Androsky and Miller in 2011 when plaintiff was also present. The essence of the Walker affidavit was that Miller made a statement "they"—presumably Miller and Androsky—were partners in the painting business and that Androsky did not contradict Miller's statement; that plaintiff gave "them" money for painting; and that Miller and Androsky "split the painting money."

The second affidavit was that of Randall Miller, dated January 6, 2017, purporting to confirm the truth of the February 14, 2014 Attestation that plaintiff had submitted to Progressive as part of his no-fault claim. Miller also averred that after signing the Attestation, he had moved to Arkansas but had "since moved back to Michigan to run Home Town Painting."

This Court denied plaintiff's motion for remand, *Hatfield v Progressive Michigan Ins Co*, unpublished order of the Court of Appeals, issued March 9, 2017 (Docket No. 331654). This Court wrote: "Plaintiff-appellant has not demonstrated that further factual development of the record or an initial ruling by the trial court is appropriate at this time in order for this Court to review the issues on appeal." *Id*.

---

[1] Plaintiff's motion for reconsideration filed with the trial court refers to the Walker affidavit as Exhibit E, but that attachment is a blank page labeled "Sworn Affidavit of Kenny Walker."

This Court later issued its opinion in *Hatfield I*, affirming the trial court's grant of summary disposition to Progressive and the dismissal of plaintiff's wage-loss claim. *Hatfield I*, unpub op at 3. But the Court went on to note that some of the trial court's statements in rendering its analysis from the bench, stating the possibility that plaintiff may have been misled by Miller, created a conflict with trial court's written order dismissing plaintiff's case in its entirety based on fraud. *Id*. Consequently, the Court affirmed in part and remanded for "clarification regarding whether the trial court intended to dismiss plaintiff's entire claim based on fraud or whether it intended merely to dismiss the claim for wage-loss benefits." *Id*. at 4.

In *Hatfield I*, this Court also addressed the arguments plaintiff raised based on the post-summary disposition affidavits. Specifically, this Court in a footnote stated:

> With regard to the additional issues raised by plaintiff, we find that they are not properly preserved, see, e.g., *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009), and that plaintiff had sufficient opportunity to raise them at an earlier date but did not avail himself of that opportunity, see *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008). At any rate, we have reviewed the additional issues raised and find them to be without merit. [*Hatfield I*, unpub op at 4, n 3.]

At the hearing after remand, the trial court noted that "when the court of appeals issues a decision, I'm bound by it; and they found that these additional documents don't change the issues in the case." The trial court also noted that Androsky's testimony showed he was the owner of Hometown Painting; he never offered plaintiff a job, and if Miller did anything with respect to Hometown Painting, it was not authorized. Also, the trial court stressed that no documentation was submitted to it at the time the motion was decided that showed anything different. So the trial court granted defendant's motion for entry of judgment "due to the misrepresentations . . . , as there was a mischaracterization/misrepresentation in the applications[.]" Plaintiff now appeals again by right.

## I. PRESERVATION

All of plaintiff's arguments relate to the trial court's failure to consider the two untimely affidavits not submitted to the trial court before the court granted defendant summary disposition. These arguments are unpreserved, as this Court observed in *Hatfield I*, unpub op at 4, n 3, citing *Vushaj*, 284 Mich App at 519, and *Woods*, 277 Mich App at 630.

In *Vushaj*, the trial court granted the defendant summary disposition; then, the plaintiff presented to the trial court a new argument for the first in a motion for reconsideration. *Vushaj*, 284 Mich App at 519. In this case, plaintiff first mentioned the Walker affidavit and other new arguments in his motion for reconsideration; the Miller affidavit was first presented for consideration to this Court during plaintiff's first appeal. "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Id*.

In *Woods*, the plaintiff was also appealing the trial court's grant of the defendant's summary disposition motion. *Woods*, 277 Mich App at 623. In rejecting the argument that the trial court abused its discretion by denying plaintiff's motion for reconsideration, this Court

opined, " 'We find no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order.' " *Id*. at 630, quoting *Charbeneau v Wayne Co Gen Hosp*, 158 Mich App 730, 733; 405 NW2d 151 (1987). Clearly, this Court determined that plaintiff did not use due diligence in presenting the two affidavits to the trial court *before* its decision regarding summary disposition. As such, plaintiff's arguments based on the two affidavits that he continues to present are not preserved. *Id*.

Also, the Court Rules governing motions for summary disposition require a party opposing the motion to present its proof to the trial court *before* the court decides the motion. "[O]nce a party makes a properly supported motion under MCR 2.116, the adverse party 'may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial.' " *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 377; 775 NW2d 618 (2009), quoting MCR 2.116(G)(4). The burden is on the party opposing the motion to establish a question of material fact; the trial court need not search the record for a basis to deny the moving party's motion. *Id*. Thus, the trial court need only consider evidence submitted to it *before* it decides the motion. *Sprague v Farmers Ins Exch*, 251 Mich App 260, 265; 650 NW2d 374 (2002) ("[A] litigant opposing a properly supported motion for summary disposition . . . must present substantively admissible evidence to the trial court *before* its decision on the motion, which creates a genuine issue of material fact.")(Emphasis added). This Court's review of the trial court's decision regarding a motion for summary disposition "is limited to the evidence that had been presented at the time the motion was decided." *Gorman v American Honda Motor Co*, 302 Mich App 113, 120; 839 NW2d 223 (2013), citing *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009).

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's grant or denial of a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim; it must specifically identify the undisputed factual issues, MCR 2.116(G)(4), and be supported with affidavits, depositions, admissions, or other documentary evidence, MCR 2.116(G)(3)(b). See *Maiden*, 461 Mich at 120. If the moving party carries its initial burden, the party opposing the motion must then demonstrate a disputed material fact question exists by submitting evidence, "the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." MCR 2.116(G)(6); See *Maiden*, 461 Mich at 120-121. When considering a motion under MCR 2.116(C)(10), a court must view the evidence presented in the light most favorable to the party opposing the motion. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). A trial court properly grants the motion when the submitted evidence fails to establish any genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id.*

Inadmissible hearsay is not enough to defeat a motion for summary disposition. *Maiden*, 461 Mich at 123 n 5 ("By presenting inadmissible hearsay evidence, a nonmoving party is

actually promising to create an issue for trial where the promise is incapable of being fulfilled."); *SSC Assoc Ltd Partnership v Gen Retirement Sys of Detroit*, 192 Mich App 360, 364; 480 NW2d 275 (1991) ("Opinions, conclusory denials, *unsworn averments,* and *inadmissible hearsay* do not satisfy the court rule; disputed fact (or the lack of it) must be established by *admissible evidence*.") (Emphasis added). When the moving party satisfies its burden of production under MCR 2.116(G)(4), "the motion is properly granted if the opposing party fails to proffer legally admissible evidence that demonstrates that a genuine issue of material fact remains for trial." *By Lo Oil Co v Dep't of Treasury*, 267 Mich App 19, 26-27; 703 NW2d 822 (2005).

## III. ANALYSIS

The undisputed evidence before the trial court at the time it decided the motion for summary disposition showed that there was no genuine issue of material fact that plaintiff "knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct," when presenting his claim for no-fault benefits to defendant. As such, the trial court properly granted summary disposition to defendant, and on remand, clarified that its judgment extended to dismissing plaintiff's entire complaint based on fraud. As this Court previously noted, plaintiff's arguments to the contrary based on untimely affidavits are without merit. *Hatfield I*, unpub op at 4, n 3.

First, plaintiff argues that the trial court erred by making credibility determinations when rendering its ruling on defendant's motion for summary disposition. See *Innovative Adult Foster Care*, 285 Mich App at 480 ("[I]t is well settled that the circuit court may not weigh the evidence or make determinations of credibility when deciding a motion for summary disposition."). This argument is without merit.

The evidence submitted to the trial court before it decided the motion for summary disposition consisted of portions of the depositions of plaintiff and Androsky and the written documents that plaintiff submitted to defendant as part of his claim for no-fault benefits. Plaintiff claimed that he had work as a painter at Home Town Painting, co-owned by Randall Miller, working 40 hours per week at $15 an hour, starting the day after his February 9, 2014 accident. This offer of employment occurred, plaintiff testified, two months before his accident and that Miller and Androsky were both present. Plaintiff drafted and Miller signed an unsworn "Attestation" regarding the alleged job, which plaintiff submitted to defendant to support his no-fault claim. Androsky testified in his deposition that he was the sole owner of Home Town Painting, that Miller was not a co-owner, that Home Town Painting did not hire painters but did subcontract some jobs to Miller, that Home Town Painting did not hire plaintiff to start work in February 2014, that painting work would not be offered two months before the start date of a job, and that no full-time work was even available in February 2014. Thus, defendant presented evidence that plaintiff submitted material false statements in his claim for benefits. Specifically, plaintiff misrepresented both that Miller was a co-owner of Home Town Painting and that plaintiff had a full-time job for 40-hours a week paying $15 an hour at Home Town Painting starting on February 10, 2014. Thus, the trial court did not need to weigh the evidence or judge credibility to determine that it was undisputed from the admissible evidence submitted that plaintiff had presented materially false statements to defendant as part his application for no-fault benefits. The trial court's acceptance of Androsky's testimony at face value was not an improper credibility determination. Indeed, the trial court when it reviews a motion for summary

disposition under MCR 2.116(C)(10) *must* consider all evidence submitted to it. See MCR 2.116(G)(5)[2]; *Barnard Mfg Co*, 285 Mich App at 376-377.

Plaintiff offered no admissible evidence to dispute Androsky's testimony. As this Court previously noted, "the *unsworn* Attestation allegedly signed by Miller was 'not sufficient to create a genuine issue of material fact to oppose summary disposition under MCR 2.116(C)(10).'" *Hatfield I*, unpub op at 3, quoting *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33; 772 NW2d 801 (2009). Instead, plaintiff relied on speculation of Androsky in his deposition that Miller may have misled plaintiff with an unauthorized offer of a job that did not exist. But speculation and conjecture are insufficient to create an issue of material fact on a motion for summary disposition. See *Gorman*, 302 Mich App at 119-120. Plaintiff's own testimony that Androsky *and* Miller offered plaintiff a fulltime job with Home Town Painting starting February 10, 2014, was inadmissible hearsay if offered for the truth of the matters allegedly asserted. See MRE 801(c) ("'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); MRE 802 ("Hearsay is not admissible except as provided by these rules."). Like speculation, hearsay is insufficient to create a genuine issue of material fact when presented to oppose a motion for summary disposition. See *Maiden*, 461 Mich at 123 n 5; *SSC Assoc Ltd Partnership*, 192 Mich App at 364.

At best, plaintiff's testimony concerning the alleged job offer might be admissible, not to prove the matter asserted—that plaintiff was offered a full-time job at Home Town Painting— but to show, if plaintiff's testimony were credible, plaintiff's state of mind regarding whether he "knowingly" misrepresented material facts in his no-fault benefits claim. See *Shuler v Michigan Physicians Mut Liability Co*, 260 Mich App 492, 516; 679 NW2d 106 (2004); *Gibson v Group Ins Co*, 142 Mich App 271, 277; 369 NW2d 484 (1985). Indeed, plaintiff argues that the evidence left open a material question of fact whether he committed fraud. In support, plaintiff cites the elements of "actionable fraud" stated in *Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012), which generally requires proof,

> "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." [*Id*. (citations omitted).]

In this case, accepting the testimony of both plaintiff and Androsky that was presented to the trial court at the time it decided the motion for summary disposition, we note the only element of "actionable fraud" that merits any discussion is that regarding plaintiff's mental state. But even accepting plaintiff's testimony as truthful and inferring that he was misled by Miller into believing that he had a full-time job waiting for him at Home Town Painting to start in

---

[2] "The affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties, must be considered by the court when the motion is based on subrule (C)(1)-(7) or (10). . . ."

February 2014—facts that were not true—, we conclude that plaintiff's testimony shows that his belief, at a minimum, was reckless. Plaintiff testified that his claim of employment with Home Town Painting was based on a single conversation with Miller and Androsky two months before his accident; plaintiff never had any further conversations with either Miller or Androsky concerning the job offer; plaintiff struggled to identify the exact date the job would start; and plaintiff never sought, completed or obtained any paperwork to substantiate his purported employment, at least before his accident. The trial court could not consider as evidence the unsworn Attestation that Miller allegedly signed stating that plaintiff was offered a job. See *Hatfield I*, slip op at 3, citing *Liparoto Constr*, 284 Mich App at 33; see also *SSC Assoc Ltd Partnership*, 192 Mich App at 364. Instead, the admissible evidence, the submitted deposition testimony of plaintiff and Androsky, showed that the Attestation that plaintiff prepared and submitted to defendant to support his no fault claim contained several material misrepresentations. A reasonable trier of fact could infer from this evidence that plaintiff knowingly and intentionally submitted the material misrepresentations to defendant. At a minimum, the evidence showed that plaintiff acted recklessly. So, the admissible evidence presented to the court showed "actionable fraud," and the trial court properly granted defendant summary disposition of plaintiff's entire claim on the basis of fraud.

Moreover, the fraud exclusion applies to any "fraudulent conduct, in connection with the presentation or settlement of a claim." The *Titan* Court noted that Michigan recognizes more forms of fraud than "actionable" fraud discussed above, including innocent misrepresentation and silent fraud, and each has separate elements. *Titan Ins Co*, 491 Mich at 557. "The doctrine of innocent misrepresentation is . . . well settled in Michigan[.]" *Id*. at 556. Under this species of fraud, "if there was in fact a misrepresentation, though made innocently, and its deceptive influence was effective, the consequences to the plaintiff being as serious as though it had proceeded from a vicious purpose," there would exist a right of action for damages. *Id*. (citations omitted). Innocent misrepresentation differs from "actionable" fraud by eliminating the requirement of "*scienter* and proof of the intention that the misrepresentation be acted upon" and adding that the injury suffered by the victim must benefit the one making the misrepresentation. *Id*. at 556, n 5, citing *United States Fidelity & Guaranty Co v Black*, 412 Mich 99, 118-119; 313 NW2d 77 (1981). Thus, with innocent misrepresentation, "it is unnecessary to show that the innocent misrepresenter knew his representation was false . . . ." *Id*. As the trial court observed when granting defendant summary disposition, even if plaintiff were misled by Miller, the effect of the "fraudulent conduct" on defendant would be the same.

Consequently, the record supports the trial court's clarification that it granted summary disposition to defendant as to plaintiff's entire claim on the basis of the insurance policy's fraud provision. Defendant identified and supported with depositions and other documentary evidence the undisputed factual issue of fraudulent conduct in the application for no-fault benefits through material misrepresentations. MCR 2.116(G)(3) and (4); *Maiden*, 461 Mich at 120. After defendant satisfied its burden, plaintiff failed to produce any admissible evidence to demonstrate a disputed material fact question existed. MCR 2.116(G)(4) and (6); *Maiden*, 461 Mich at 120-121. Inadmissible hearsay is not enough to defeat a motion for summary disposition. *Maiden*, 461 Mich at 123 n 5; *SSC Assoc Ltd Partnership*, 192 Mich App at 364. The unsworn Attestation signed by Miller that plaintiff created and submitted to defendant was not admissible to support plaintiff's claim that he in fact was offered a job. *Hatfield I*, unpub op at 3, citing *Liparoto Constr*, 284 Mich App at 33. Therefore the trial court properly granted defendant's

motion to dismiss plaintiff's entire claim on the basis of fraudulent conduct. Where the moving party, here defendant, satisfies its burden of production, "the motion is properly granted if the opposing party fails to proffer legally admissible evidence that demonstrates that a genuine issue of material fact remains for trial." *By Lo Oil Co*, 267 Mich App at 26-27. The untimely affidavits that plaintiff submitted *after* the trial court granted summary disposition do not affect the propriety of the trial court's decision. *Gorman*, 302 Mich App at 120; *Sprague*, 251 Mich App at 265. Thus, we affirm the trial court's clarification that its grant of summary disposition extended to plaintiff's entire complaint.

## IV. PLAINTIFF'S OTHER ARGUMENTS

## A. PRESERVATION & STANDARD OF REVIEW

Plaintiff argues that the trial court erred by not considering the untimely affidavits on remand by misapplying the law of the case doctrine and misapplying the remand order. These arguments are unpreserved because plaintiff did not present them to the trial court. *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386: 803 NW2d 698 (2010).

Legal issues are reviewed de novo. *Gorman*, 302 Mich App at 116; *Ashker v Ford Motor Co,* 245 Mich App 9, 13; 627 NW2d 1 (2001).

## B. ANALYSIS

Plaintiff's arguments are without merit, some to the point of being absurd.[3] All of plaintiff's arguments relating to the trial court's failure to consider two untimely affidavits that were not submitted to the trial court *before* the court granted defendant summary disposition are unpreserved and warrant no relief. As this Court observed in *Hatfield I*, unpub op at 4, n 3, "plaintiff had sufficient opportunity to raise them at an earlier date but did not avail himself of that opportunity," citing *Woods*, 277 Mich App at 630. It is settled that a trial court considering a motion for summary disposition need only consider evidence submitted to it *before* it decides the motion. *Sprague*, 251 Mich App at 265. Further, on review of the trial court's decision, this Court may only consider "the evidence that had been presented at the time the motion was decided." *Gorman*, 302 Mich App at 120. Consequently, evidence produced by plaintiff *after* the motion has been decided cannot affect the outcome, and the trial court's view regarding the applicability of the law of the case doctrine or the scope of the remand order do not alter the fact that the untimely affidavits are legally irrelevant. In sum, plaintiff's contention the trial court erred by not considering the untimely affidavits on remand is without merit.

This Court in its prior opinion affirmed the trial court's grant of summary disposition of plaintiff's no-fault wage-loss claim but remanded the case "for further proceedings and clarification regarding whether the trial court intended to dismiss plaintiff entire claim based on fraud or whether it intended merely to dismiss the claim for wage-loss benefits." *Hatfield I*,

---

[3] It is absurd to suggest that the Court violates an appellant's right to due process by reviewing and responding to what an appellant submits to the Court.

unpub op at 3-4. The authority of a lower court with respect to a matter remanded to it by a higher court is summarized in *Glenn v TPI Petroleum, Inc*, 305 Mich App 698, 703; 854 NW2d 509 (2014), quoting *K & K Const, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544-545; 705 NW2d 365 (2005):

> The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court. When an appellate court remands a case without instructions, a lower court has the same power as if it made the ruling itself. However, when an appellate court gives clear instructions in its remand order, it is improper for a lower court to exceed the scope of the order. It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court. [Citations and quotation marks omitted.]

In this case, this Court's remand instructions to the trial court were clear: clarify whether the trial court in its ruling on defendant's motion for summary disposition "intended to dismiss plaintiff entire claim based on fraud or whether it intended merely to dismiss the claim for wage-loss benefits." The trial court complied with this order by clarifying that it intended to dismiss plaintiff's entire complaint on the basis of fraud. Plaintiff's suggestion that this Court's reference to "further proceedings" entitled him to a new hearing on the motion for summary disposition or that his untimely affidavits be considered is misplaced. In fact, "further proceedings" occurred when the trial court held a hearing pursuant to the remand order, and after the parties' arguments, rendered its clarification. Obviously, had the court clarified that it only intended to dismiss plaintiff's wage-loss claim, additional further proceedings would have been necessary. Nothing in the remand order required the trial court to consider the untimely affidavits that this Court in its prior opinion recognized, consistent with settled law, need not be considered. The trial court did not exceed the scope of the remand order.

In issuing its clarification on remand, the trial court stated that "when the court of appeals issues a decision, I'm bound by it; and they found that these additional documents [plaintiff's untimely affidavits] don't change the issues in the case." Plaintiff argues that the trial court misapplied the doctrine of the law of the case, which holds that a ruling by an appellate court on a question of law binds the appellate court and all lower tribunals with respect to that issue, and the issue will not be decided differently on remand or in a subsequent appeal in the same case. *Ashker*, 245 Mich App at 13. But the doctrine applies "only to issues actually decided, either implicitly or explicitly, in the prior appeal." *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000). The prior panel of this Court clearly was referring to the two affidavits plaintiff obtained *after* the trial court decided defendant's motion for summary disposition when it wrote that "additional issues raised by plaintiff . . . are not properly preserved, . . . and that plaintiff had sufficient opportunity to raise them at an earlier date but did not avail himself of that opportunity[.]" *Hatfield I*, unpub op at 4, n 3 (citations omitted). Given the case law cited by the Court when making these statements, the only possible conclusion is that the Court was referring to the two untimely affidavits that plaintiff has relied on since the trial court entered summary disposition for defendant. Consequently, this Court was also referring to plaintiff's untimely affidavits when it stated in the same footnote that even though unpreserved, "we have reviewed the additional issues raised and find them to be without merit."

Based on the foregoing, we conclude the trial court did not make an error of law regarding the law of the case doctrine. Further, this Court's order of remand required the trial court to clarify its original decision regarding summary disposition, not to conduct a rehearing. As discussed, settled law requires that when a party moving for summary disposition under MCR 2.116(C)(10) satisfies its burden of production under MCR 2.116(G)(4), "the motion is properly granted if the opposing party fails to proffer legally admissible evidence that demonstrates that a genuine issue of material fact remains for trial." *By Lo Oil Co*, 267 Mich App at 26-27. The opposing party must submit its evidence *before* the trial court decides the motion. *Woods*, 277 Mich App at 630; *Sprague*, 251 Mich App at 265. The trial court need not consider affidavits submitted *after* the motion is decided, and this Court cannot consider belated affidavits in respect to its review of the trial court's ruling based on evidence before the trial court at the time of the decision. *Gorman*, 302 Mich App at 120; *Woods*, 277 Mich App at 630. Consequently, evidence plaintiff produced *after* the motion had been decided cannot affect the outcome, and the trial court's view regarding the applicability of the law of the case doctrine does not alter that the untimely affidavits are legally irrelevant to the trial court's original decision on defendant's motion for summary disposition that required clarification. We therefore reject these additional arguments.

We affirm. As the prevailing party, defendant may tax its costs under MCR 7.219.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Jane E. Markey

-10-