*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JACKSON, Minors.

UNPUBLISHED
April 9, 2020

No. 349845
Wayne Circuit Court
Family Division
LC No. 17-001790-NA

Before: TUKEL, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

In this termination of parental rights case, respondent-father[1] appeals as of right the trial court's order terminating his parental rights to the minor children, JJ and BJ, pursuant to MCL 712A.19b(3)(c)(*i*) (more than 182 days have passed since original disposition, the conditions that led to the adjudication continue to exist, and parent unable to rectify conditions); (g) (although financially able to do so, parent failed to provide proper care and custody and there is no reasonable expectation parent will be able to provide proper care and custody within a reasonable time); and (j) (reasonable likelihood child will be harmed if returned to parent). We affirm.

## I. BASIC FACTS

In October 2017, the Department of Health and Human Services (DHHS) filed a petition seeking jurisdiction of JJ and BJ and their removal from their home. The petition alleged that: respondent-father was unable to financially support the children; there was a lack of appropriate housing; and respondent-mother used drugs while pregnant with BJ. Respondent-father made a plea of admission to the allegations in the original petition and a parent-agency agreement was created. Respondent-father failed to comply with his parent-agency agreement; specifically he missed 72 visits with the children as well as 52 drug screens. When he did submit to drug testing, respondent-father tested positive for marijuana on each occasion, and on one occasion screened positive for cocaine as well. The only service respondent-father completed was parenting classes. He never obtained appropriate housing and only obtained a legal source of income after the trial court found statutory grounds for termination. The trial court found that statutory grounds for

---

[1] Respondent-mother's rights also were terminated, but she has not filed an appeal.

termination under MCL 712A.19b(3)(c)(*i*), (g) and (j) had been proven by clear and convincing evidence and that termination was in the best interests if the children. This appeal followed.

## II. REASONABLE EFFORTS

Respondent-father argues that the trial court erred by terminating his parental rights because DHHS failed to make reasonable efforts to reunify him with the children. We disagree.

"We review the trial court's findings regarding reasonable efforts for clear error." *In re Smith*, 324 Mich App 28, 43; 919 NW2d 427 (2018). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). To be clearly erroneous, a trial court's determination must be more than possibly or probably incorrect. *Id*. In reviewing the trial court's determination, this Court must give due regard to the unique "opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Id*., citing MCR 2.613(C).

"Generally, when a child is removed from the parents' custody, the petitioner is required to make reasonable efforts to rectify the conditions that caused the child's removal by adopting a service plan." *In re HRC*, 286 Mich App 444, 462; 781 NW2d 105 (2009). "While the DHS has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). A respondent must also demonstrate that he or she has benefitted from services proffered. *Id*.

Respondent-father argues that he was not given sufficient time to benefit from services. Respondent-father entered into a parent-agency treatment plan in December 2017, which directed him to attend parenting classes, individual counseling, and substance abuse services, and to submit to weekly random drug screens. In addition, respondent-father was to maintain safe and suitable housing and a legal source of income, as well as to visit regularly with the children. Respondent-father's parental rights were not terminated until May 2019. Respondent-father had almost a year and a half to comply with his service plan and to benefit from these services. He failed to do so.

The only service respondent-father completed was parenting classes. He did not complete a psychological evaluation, individual counseling, or most of his drug screens. Respondent-father missed approximately 52 drug screens and 72 visits with his children. He also never obtained appropriate housing. Respondent-father has failed to specify what additional services he should have been provided and only argues that he should have been given additional time to benefit from his service plan. We disagree. Respondent-father failed to fully participate in or benefit from his service plan for more than one year. DHHS was not required to provide additional time or services to him at the time his parental rights were terminated because he had failed to avail himself of or benefit from the services that already had been offered to him. Thus, DHHS made more than reasonable efforts to reunify respondent-father with the children.

III. STATUTORY GROUNDS

Respondent-father argues that the trial court erred by finding statutory grounds to terminate his parental rights under MCL 712A.19b(3)(c)(*i*), (g) and (j). We disagree.

This Court "reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709-710; 846 NW2d 61 (2014).

"Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *In re Ellis*, 294 Mich App at 33. The trial court found three statutory grounds to terminate respondent father's parental rights, MCL 712A.19b(3)(c)(*i*), (g), and (j), by clear and convincing evidence.

In relevant part, MCL 712A.19b(3) currently authorizes a trial court to terminate parental rights if it finds by clear and convincing evidence that any of the following exists:

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(i) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

\* \* \*

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

A statutory basis to terminate parental rights under MCL 712A.19b(3)(c)(*i*) exists "when the conditions that brought the children into foster care continue to exist despite time to make changes and the opportunity to take advantage of a variety of services . . . ." *In re White*, 303 Mich App at 710 (alteration in original; citation and quotation marks omitted). The conditions that led to adjudication in this case were a lack of appropriate housing, respondent-father's inability to financially support the children, and substance abuse on the part of respondent-mother. The trial court found that the parents had not made significant progress to resolve these issues. The record supports the trial court's findings.

When the proceeding began, respondent-father was living in a home that lacked basic utilities. Respondent-father never obtained suitable housing and only obtained a legal source of income after the trial court found statutory grounds to terminate his parental rights. Additionally, while it was substance abuse on the part of respondent-mother that lead to adjudication against her, respondent-father continues to have substance abuse issues of his own. Not only did respondent-father miss 52 drug screenings, but when he did submit to testing, he tested positive for marijuana at every drug screen; tested positive for cocaine on one occasion; and regularly smelled of marijuana at visits with the children. Thus, the trial court properly found that clear and convincing evidence supported termination under MCL 712A.19b(3)(c)(*i*). Because we have concluded that at least one statutory ground has been proven by clear and convincing evidence, we need not consider whether the other statutory grounds relied on by the trial court, MCL 712A.19b(3)(g) and (j), also have been proven by clear and convincing evidence. See *In re Ellis*, 294 Mich App at 33.

## IV. BEST INTERESTS

Respondent-father argues that termination of his parental rights was not in the children's best interests. We disagree.

Respondent-father raised but then failed to develop his claim that the trial court erred in finding that it was in the children's best interests to terminate his parental rights. "An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015). Furthermore, "failure to properly address the merits of an assertion of error constitutes abandonment of the issue." *Woods v SLG Property Management, LLC*, 277 Mich App 622, 627; 750 NW2d 228 (2008). Respondent-father merely asserted in his brief on appeal that the trial court clearly erred in finding that termination of his parental rights was in the best interests of the children. But respondent-father failed to make any argument or cite any legal authority to show that the trial court erred by finding that termination of his parental rights was in the children's best interests. Thus, respondent-father's best-interests argument is abandoned.

## V. CONCLUSION

For the reasons stated earlier, the judgment of the trial court is affirmed.

/s/ Jonathan Tukel
/s/ Jane E. Markey
/s/ Brock A. Swartzle