WOODS v SLB PROPERTY MANAGEMENT, LLC

Docket No. 272257. Submitted January 16, 2008, at Detroit. Decided
     January 22, 2008, at 9:10 a.m. Leave to appeal sought.

     James H. Woods, Jr., brought an action in the Wayne Circuit Court
          against SLB Property Management, LLC, alleging intentional
          infliction of emotional distress, libel, and civil rights violations
          arising from his employment as a valet. The complaint, filed *in
          propria persona*, was excessively long and did not clearly set forth
          the allegations. The court, Isidore B. Torres, J., granted the
          defendant's motion for a more definite statement and ordered the
          plaintiff to file an amended complaint within 14 days. A month
          after the deadline, the plaintiff filed an amended complaint that,
          while substantially shorter, remained excessively long and vague.
          The court granted the defendant's motion to dismiss on the
          ground that the amended complaint was not timely and failed to
          reasonably notify the defendant of the nature of the plaintiff's
          claims. The plaintiff appealed.

          The Court of Appeals *held*:

          1. The trial court did not err by not addressing defense
     counsel's failure to file an appearance before filing a responsive
     pleading. Because counsel's first appearance involved the filing of
     a paper with the court, counsel did not need to file a written
     appearance to give notice of his appearance.

          2. The trial court did not abuse its discretion by not sanc-
     tioning the defendant for failing to file a brief in support of its
     motion for a more definite statement because the defendant
     cited relevant authority supporting its position in the body of its
     motion.

          3. The trial court did not abuse its discretion by failing to
     address the plaintiff's argument that the defendant improperly
     served by mail its motion for a more definite statement. The
     plaintiff was not entitled to personal service of the motion and, by
     the plaintiff's own admission, the defendant served the motion by
     first-class mail, which is a proper manner of service.

          4. The plaintiff cited no authority to support his assertion that
     he was entitled to an evidentiary hearing on the motion for a more

definite statement, and the fact that he had ample opportunity to present evidence at two separate hearings renders harmless any error that occurred through the lack of an evidentiary hearing.

5. The trial court did not abuse its discretion by granting the defendant's motion for a more definite statement because the plaintiff's original complaint did not contain a statement of the facts, was overly long, and was too vague and confusing to reasonably inform the defendant of the nature of the plaintiff's claims against it.

6. The trial court did not abuse its discretion by setting aside the default judgment and ruling that the defendant filed an affidavit containing a meritorious defense. Although the affidavit contained few facts to support the defense, in light of the fact that the plaintiff's complaint was nearly incomprehensible, a blanket denial and offer to testify was the best that could be expected. Further, because the plaintiff offered no evidence that the affidavit contained false statements of fact, the trial court did not err by denying the plaintiff's motion for reconsideration.

7. Contrary to the plaintiff's claim on appeal, he did not seek additional time to file his amended complaint, which was filed late and did not comply with the applicable court rule. Because there is no sanction that could have forced the plaintiff to assert his claims against the defendant in a comprehensible manner, the trial court did not abuse its discretion by dismissing the plaintiff's complaint for failure to comply with the court's order and the court rules.

Affirmed.

James H. Woods, Jr., *in propria persona.*

*Ravitz & Tucker, P.C.* (by *Lee G. Ravitz* and *Robert A. Novak*), for the defendant.

Before: WHITBECK, P.J., OWENS and SCHUETTE, JJ.

PER CURIAM. Plaintiff James H. Woods, Jr., appeals as of right the trial court's order granting defendant SLB Property Management's motions for a more definite statement, to set aside the default judgment, and to

dismiss plaintiff's cause of action, and the order denying plaintiff's motion for reconsideration.[1] We affirm.

Plaintiff was employed as a parking valet at Park Sheldon Apartments in Detroit in 2002 and 2003. On May 11, 2005, he filed a 295-page single-spaced complaint in propria persona against defendant, alleging intentional infliction of emotional distress, libel, and civil rights violations arising from his employment as a valet. In response to defendant's motion for a more definite statement, the trial court ordered plaintiff to file an amended complaint within 14 days of its order that more clearly set forth his allegations and limited the content of each paragraph to a single set of circumstances. When plaintiff failed to file his amended complaint within 14 days, defendant filed a motion to dismiss. Plaintiff filed his 95-page single-spaced amended complaint on the day of the hearing on the motion to dismiss, over a month and a half after the order instructing him to file the amended complaint was entered. The trial court granted defendant's motion to dismiss, concluding that plaintiff failed to file his amended complaint within 14 days of issuance of the order and that his complaint still did not conform to MCR 2.111 because it was excessively redundant and still failed to reasonably notify defendant of the nature of the claims against it.

## I. MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff argues that the trial court abused its discretion when it granted defendant's motion for a more definite statement. In making this argument, plaintiff

---

[1] Although plaintiff also named Park Sheldon Apartments and Kirby Parking Garage, Inc., as defendants in this case, they are not parties to this appeal. Therefore, our use of the term "defendant" in this opinion refers to SLB Property Management.

claims that the trial court failed to address defendant's willful and deceitful violations of various court rules. We review a trial court's decision on a defendant's motion for a more definite statement for an abuse of discretion. See *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003). "An abuse of discretion occurs when the decision [of the trial court] results in an outcome falling outside the principled range of outcomes." *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

First, plaintiff argues that the trial court erred when it failed to address defense counsel's failure to file an appearance before filing a responsive pleading. MCR 2.117(B)(2)(a) requires that an attorney must file a written appearance only if the attorney makes an appearance on behalf of the party "in a manner not involving the filing of a paper with the court." Therefore, if an attorney files a paper with the court, the filing is deemed notice of the attorney's appearance.

Although defense counsel did not file a written appearance with the trial court, counsel's first appearance before the trial court was to file a written motion for a more definite statement. Because counsel's first appearance involved the filing of a paper with the court, counsel did not need to file a written appearance to give notice of his appearance. See MCR 2.117(B)(2)(a). Therefore, no violation of the court rules occurred, and the trial court did not abuse its discretion by failing to address defendant's alleged violation.

Next, plaintiff argues that the trial court should have sanctioned defendant for failing to file a brief in support of its motion for a more definite statement. Pursuant to MCR 2.119(A)(2), when a motion presents an issue of law, the motion must be accompanied by a brief that cites the authority on which the motion is based.

Although defendant did not file a supporting brief, defendant cited relevant authority supporting its position in the body of its motion. A supporting brief would have been superfluous in this circumstance. Because defendant cited relevant legal authority to support its motion, it did not violate the court rule to the extent that the trial court needed to remedy the violation by denying the motion. Thus, the trial court's failure to address the alleged violation was not an abuse of discretion.

Plaintiff also argues that the trial court abused its discretion when it failed to address the deficient-service argument that he raised in response to defendant's motion for a more definite statement. Plaintiff argues that defendant improperly served its motion for a more definite statement by mailing it to him when he should have been personally served. MCR 2.107(C) requires that service on a party "must be made by delivery or by mailing to the party at the address stated in the party's pleadings." "Mailing" is defined as "enclosing it in a sealed envelope with first class postage fully prepaid, addressed to the person to be served, and depositing the envelope and its contents in the United States mail." MCR 2.107(C)(3). Plaintiff, therefore, was not entitled to personal service of defendant's motion. By plaintiff's own admission, defendant mailed the motion to him, and service by first-class, ordinary mail is a proper manner of service under MCR 2.107(C).

Further, the trial court did not err when it failed to hold an evidentiary hearing before ruling on defendant's motion for a more definite statement. Plaintiff did not cite any authority to support his assertion that he was entitled to an evidentiary hearing. An argument must be supported by citation to an appropriate authority or policy, MCR 7.212(C)(7), and "[a]n appellant's

failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003). In addition, plaintiff had ample opportunity to present evidence at two separate hearings before the trial court but failed to do so. Therefore, any error that occurred was harmless and plaintiff is not entitled to relief. See MCR 2.613(A).

In addition, the trial court did not err when it granted defendant's motion for a more definite statement. The complaint must contain "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" MCR 2.111(B)(1); see also *Iron Co v Sundberg, Carolson & Assoc, Inc*, 222 Mich App 120, 124; 564 NW2d 78 (1997). "Each allegation of a pleading must be clear, concise, and direct." MCR 2.111(A)(1). A party may move for a more definite statement when the complaint is so vague or ambiguous that it does not comply with the court rules. MCR 2.115(A).

Plaintiff's original complaint does not meet the requirements of MCR 2.111(B)(1). First, it does not contain a statement of the facts. The facts that plaintiff relies on are intertwined with his legal allegations and are difficult to comprehend. Furthermore, the complaint does not reasonably inform defendant of the nature of the claims against it. The complaint is vague, overly long to the point of excess, and contains confusing syntax and grammar. Plaintiff also fails to state in an understandable manner what he is alleging or how he supports his claims. The complaint consists mainly of incoherent ramblings, interspersed with legal jargon, resulting in allegations that are not clear, concise, or

direct. See MCR 2.111(A)(1). Relying solely on the complaint, we are unable to discern what plaintiff seeks to gain from this lawsuit. Accordingly, the trial court did not abuse its discretion when it granted defendant's motion for a more definite statement.

## II. MOTION TO SET ASIDE DEFAULT JUDGMENT

Plaintiff also claims that the trial court erred when it granted defendant's motion to set aside the default judgment. We review a trial court's decision on a motion to set aside a default judgment for a clear abuse of discretion. *Zaiter v Riverfront Complex, Ltd*, 463 Mich 544, 552; 620 NW2d 646 (2001).

"Except when grounded on lack of jurisdiction over the defendant, a motion to set aside a default or a default judgment should be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." *Kowalski v Fiutowski*, 247 Mich App 156, 158; 635 NW2d 502 (2001). Here, the trial court set aside the default judgment on the basis of a substantial defect in the proceedings, specifically, that plaintiff did not properly serve the summons and complaint on defendant. The trial court also noted that defendant filed an affidavit from Pamela Darke, the vice-president of SLB Property Management, containing a meritorious defense.[2]

On appeal, plaintiff does not dispute the trial court's conclusion that good cause to set aside the default judgment existed. Instead, he challenges the trial court's determination that defendant filed an affidavit

---

[2] In her affidavit, Darke stated that as vice-president of SLB Property Management, she had personal knowledge that "[p]laintiff was an at-will employee who was properly released from his job responsibilities and the allegations contained in the complaint are untrue." Darke also noted her willingness to testify to the facts contained in her affidavit.

containing a meritorious defense, alleging that Darke does not have personal knowledge of the facts included in her affidavit.

Although the affidavit contains few facts supporting defendant's meritorious defense, the trial court did not abuse its discretion when it set aside the default judgment. Given plaintiff's nearly incomprehensible 295-page complaint, defendant undoubtedly struggled to discern plaintiff's claims, making a lengthy recitation of facts supporting its defense virtually impossible. Darke's blanket denial and offer to testify is the best that could be expected from defendant. Also, plaintiff has not proffered any evidence, other than his self-serving statements, that Darke's sworn affidavit contains false statements of fact. The trial court found Darke's affidavit credible and we defer to its assessment. No abuse of discretion occurred.

### III. MOTION FOR RECONSIDERATION

Next, plaintiff argues that the trial court erred when it denied his motion for reconsideration. We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000).

MCR 2.119(F)(3) states:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Plaintiff argues that the trial court erred when it denied his motion for reconsideration because Darke's

affidavit contains factual misstatements. However, plaintiff did not challenge the factual accuracy of Darke's affidavit before the trial court entered its original order, although he had ample opportunity to do so. "We find no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order." *Charbeneau v Wayne Co Gen Hosp*, 158 Mich App 730, 733; 405 NW2d 151 (1987). Accordingly, the trial court's denial of plaintiff's motion for reconsideration is within the principled range of outcomes and an abuse of discretion did not occur.

### IV. DISMISSAL OF CAUSES OF ACTION

Finally, plaintiff argues that the trial court abused its discretion by dismissing his lawsuit for failing to comply with a court order. We review a dismissal of a case for failure to comply with a court order for an abuse of discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

Plaintiff argues that the trial court erred when it failed to consider his motion for a new scheduling order, in which he requested additional time to file his amended complaint. Plaintiff moved for a new scheduling order on February 28, 2006, asking the trial court to award him costs incurred "for the making, serving and filing of papers in reliance on entry of default, MCR 2.603(D)(4)." Contrary to his claim on appeal in this motion, plaintiff did not seek additional time to file his amended complaint. Therefore, the trial court did not abuse its discretion when it failed to consider a nonexistent request for an extension.

Plaintiff also argues that the trial court should have imposed a lesser sanction for his failure to comply with the court's order instead of dismissing his lawsuit.

Although defendant may move for dismissal of plaintiff's claims for failure to comply with court rules or a court order, MCR 2.504(B)(1), such a dismissal is a drastic sanction that requires consideration of several factors, including

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 507; 536 NW2d 280 (1995).]

The trial court dismissed plaintiff's lawsuit because he filed his amended complaint late and the pleading did not comply with either the trial court's order or MCR 2.111. Plaintiff was well aware of the trial court's order requiring him to file an amended complaint within 14 days. Therefore, his refusal to file his amended complaint on time and in the proper format constituted a willful violation of the court order. Also, defendant would have been greatly prejudiced had the trial court not dismissed plaintiff's lawsuit. The amended complaint is as incomprehensible as the original complaint. It does not put defendant on notice of the claims against it and it is impossible to discern the facts plaintiff relied on to support his claims. In addition, plaintiff failed to comply with any part of the trial court's order. His complaint was late and, although much shorter than his original complaint, does not conform to the requirements of MCR 2.111. Furthermore, no lesser sanctions would have served the interests of justice. The trial court gave plaintiff the opportunity to amend his complaint before it dismissed his lawsuit, but plaintiff's attempt to clarify his claims

against defendant is woefully lacking. There is no sanction that could force plaintiff to assert his claims against defendant in a comprehensible manner. Given plaintiff's demonstrated inability to clearly state his claims against defendant, the trial court did not abuse its discretion when it dismissed plaintiff's complaint.

Affirmed.