# STATE OF MICHIGAN

# COURT OF APPEALS

---

ALICE KARSHAWNON JOHNSON,

        Plaintiff-Appellant,

and

WENDY KAY VENSON,

        Plaintiff,

and

HORIZON IMAGING, INC.,

        Intervening Plaintiff,

v

CITIZENS INSURANCE COMPANY OF
AMERICA,

        Defendant,

and

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY, formerly known as
MICHIGAN ASSIGNED CLAIMS FACILITY,

        Defendant-Appellee.

UNPUBLISHED
September 20, 2018

No.   337193
Wayne Circuit Court
LC No.   14-015168-NF

---

Before: M. J. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

In this no-fault action, plaintiff, Alice Johnson, challenges the trial court order denying her motion for reconsideration of the court's order granting summary disposition to defendant, Michigan Automobile Insurance Placement Facility (MAIPF), formerly known as Michigan

-1-

Assigned Claims Facility. Because the trial court did not abuse its discretion by denying Johnson's motion for reconsideration, we affirm.

## I. BASIC FACTS

On December 11, 2013, Johnson was injured when the motor vehicle she was a passenger in was rear-ended. The driver of the other vehicle could not be identified. The driver of the vehicle Johnson was in was uninsured, and Johnson was not covered by her own policy or the policy of a resident relative. Accordingly, she sought no-fault benefits through the MAIPF. In November 2014, she filed a complaint against MAIPF, asserting that she had submitted proof to support her claim for no-fault benefits to MAIPF, but that it had refused to make payments. In February 2015, MAIPF answered the complaint, denied liability and raised a number of affirmative defenses.

In March 2016, MAIPF moved for summary disposition. MAIPF argued that Johnson failed to make a claim for insurance benefits within one year of the date of the accident and that her claim was barred because she did not provide notice of any outstanding claims for personal protection insurance (PIP) benefits within the applicable one-year time period. Johnson did not file a response; however, at the motion, Johnson's lawyer stated that she had discovered evidence showing that Johnson's application for benefits was denied by MAIPF in January 2014 because Johnson's name did not appear on the police report that was attached to the application. Over MAIPF's objection, the trial court extended the time Johnson had to file a response, but ordered her to pay $750 in costs as a sanction for the delay. Thereafter, in May 2016, MAIPF again moved for summary disposition, raising identical arguments. This time Johnson filed a response wherein she asserted that she had submitted an application for no-fault benefits in January 2014, but that the application was rejected by MAIPF. Johnson stated, however, that she was "unable to locate the initial denial letter" that would show the documentation was timely sent, and she admitted that without a copy of the denial letter she was "unable to provide substantive evidence" that the documents were timely submitted. MAIPF filed a reply, noting that it had received an application for no-fault benefits from Wendy Venson, who was another passenger injured in the motor vehicle accident, but there was no information about Johnson in that paperwork. At oral argument on the motion, Johnson explained that she did not have any specific documentation from MAIPF stating that her claim had been denied, and she stated that she only had internal correspondence between her and her lawyer indicating that MAIPF required an amended police report to support her application for benefits. Because Johnson failed to submit any information, beyond internal correspondence with her lawyer, to show that she had timely submitted an application for benefits, the court granted summary disposition in MAIPF's favor. The court entered an order to that effect on July 6, 2016.

On July 27, 2016, Johnson filed a motion for reconsideration. In support, she submitted an affidavit from her lawyer's paralegal. In the affidavit, the paralegal averred that an employee of MAIPF named "Kelly" stated that MAIPF's information system had a record indicating that Johnson's application for PIP benefits was received by MAIPF in August 2014. Johnson asserted that based on that newly discovered information, the trial court should set aside the order granting summary disposition and reopen discovery to allow her to depose Kelly and any of MAIPF's employees who were responsible for recordkeeping. The trial court determined that

the evidence submitted by Johnson was not sufficient to warrant granting reconsideration, and it denied her motion.

## II. DENIAL OF RECONSIDERATION

### A. STANDARD OF REVIEW

Johnson argues that the trial court should have granted reconsideration and set aside the order granting MAIPF summary disposition because there was a reasonable probability that further discovery stood a fair chance of uncovering factual support for her position. "We review a trial court's decision on a motion for reconsideration for an abuse of discretion." *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). A trial court abuses its discretion when its decision falls outside the range of principle outcomes. *Id*. at 625.

### B. ANALYSIS

MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from the correction of the error."

Thus, ultimately, "[a] court's decision to grant a motion for reconsideration is an exercise of discretion." *Kokx v Bylenga*, 241 Mich App 655, 658; 617 NW2d 368 (2000). The trial court has discretion to give a litigant a "second chance" even in cases where a litigant does not present any new evidence or legal arguments. *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). Additionally, the court has discretion "to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided." *Id*.

Here, although Johnson presented new evidence in support of her motion for reconsideration, there is no indication that the evidence could not have been presented when the motion for summary disposition was initially decided. Moreover, Johnson was given multiple opportunities to discover evidence to support her claim, but she never deposed any employees of MAIPF. Accordingly, because the only evidence supplied with the reconsideration motion could have been provided earlier, the trial court was free to exercise its discretion to deny reconsideration. Because our case law allows for such a decision, it was within the range of principled outcomes. The court's order denying reconsideration was not an abuse of discretion.

Affirmed. MAIPF may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Karen M. Fort Hood

-3-