*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HANA AL-MALIKY,

      Plaintiff-Appellant,

v

CITIZENS INSURANCE COMPANY OF THE
MIDWEST,

      Defendant-Appellee,

and

MOHAMED AMINE ZREIK,

      Defendant.

UNPUBLISHED
June 23, 2022

No. 356051
Wayne Circuit Court
LC No. 19-010034-NI

Before: BOONSTRA, P.J., and GADOLA and HOOD, JJ.

PER CURIAM.

In this first- and third-party no-fault action, plaintiff Hana Al-Maliky appeals as of right the trial court's order dismissing without prejudice her claims against defendant Mohamed Amine Zreik (Zreik). On appeal, Al-Maliky challenges the trial court's order granting summary disposition in favor of defendant Citizens Insurance Company of the Midwest (Citizens). Finding no errors, we affirm.

## I. BACKGROUND

In late July 2018, Al-Maliky was in a motor-vehicle accident. At the time, Al-Maliky drove an uninsured, 2013 Chrysler 200. Al-Maliky had an auto insurance policy with Citizens that covered other vehicles. A couple months after the accident, Al-Maliky spoke with two of Citizens' adjusters on separate occasions. In both interviews, Al-Maliky admitted that the Chrysler 200 was titled solely in her name, and that it was not insured. Al-Maliky also admitted that she knew the Chrysler 200 was uninsured when she drove it at the time of the accident, and that it was her own decision to not insure the vehicle.

-1-

After Citizens denied Al-Maliky's claim for personal-protection-insurance (PIP) benefits based on her failure to maintain insurance on the Chrysler 200,[1] Al-Maliky sued Citizens and Zreik in a two-count complaint, asserting a claim against Citizens seeking payment of PIP benefits. In lieu of an answer, Citizens moved for summary disposition of Al-Maliky's claims under MCR 2.116(C)(10). Summary disposition was proper, according to Citizens, in light of Al-Maliky's admissions during her interviews with Citizens' adjusters that the Chrysler 200 was uninsured at the time of the accident and she knew it was uninsured when she drove it.

Al-Maliky responded,[2] arguing the trial court could not consider the interview transcripts when deciding a motion for summary disposition because they were unsworn statements that constituted inadmissible hearsay, and, therefore, could not support summary disposition. Al-Maliky also asserted that summary disposition was premature, noting that she was "involved in a subsequent accident" and sought to "join a necessary party defendant." According to Al-Maliky, discovery was, therefore, incomplete "as there will be an entirely new defendant in this case." Al-Maliky's response did not include any exhibits.

The trial court held a hearing on Citizens' motion and the parties argued consistent with their respective briefs. Citizens' attorney noted Al-Maliky's admissions that she was the "sole titled owner" of the Chrysler 200 and that the vehicle was uninsured at the time of the accident. Citizens' attorney also noted that the insurance policy between Citizens and Al-Maliky did not list the Chrysler 200 as an insured vehicle at the time of the accident. Thus, Citizens argued that because the Chrysler 200 was not insured at the time of the accident, Al-Maliky was not entitled to PIP benefits. Al-Maliky, through counsel, argued that the interview transcripts submitted by Citizens were unsworn statements and were, therefore, inadmissible and insufficient to support the motion for summary disposition. Al-Maliky also asserted that discovery was "still ongoing" and the motion was, thus, premature. Citizens' counsel replied, asserting that admissions were an "admissible form of evidence to support a (C)(10) motion." And addressing Al-Maliky's argument in her responsive brief, that the interview transcripts constituted inadmissible hearsay, Citizens argued the interview transcripts were "actually not hearsay" and, instead, constituted "an admission by a party" under MRE 801(d)(2). Citizens' counsel also expressed concerns that Al-Maliky's arguments appeared to demonstrate that her testimony under oath "would somehow be different" from what was contained in the interview transcripts and, thus, led Citizens' counsel "to the logical conclusion that either [sic] she's going to say something different in her sworn testimony." Citizens' counsel asserted this meant Al-Maliky was either dishonest in her submissions to Citizens, or she would not be truthful in a future deposition, and, thus, additional discovery would not be appropriate or lead to a different conclusion.

---

[1] We have been unable to locate a denial letter in the lower court record. Citizens stated in its motion for summary disposition, however, that it denied Al-Maliky's claim "pursuant to MCL 500.3113(b) and Plaintiff's failure to maintain proper security on her vehicle as provided by MCL 500.3101(1)."

[2] We note that Al-Maliky's response to Citizens' dispositive motion was filed nearly two weeks after the deadline for filing a response.

The trial court found that Citizens had presented "admissions and other non-hearsay evidence" that could be considered. The trial court also noted that Al-Maliky did not "provide[] any type of evidence . . . indicating that a genuine issue of material fact remains." The trial court further found that Al-Maliky had failed to present an offer of proof regarding what further discovery would show. Concluding that Al-Maliky had "not set forth any specific facts using documentary evidence to show the existence of a genuine issue for trial," the trial court granted summary disposition in Citizens' favor. The trial court entered an order consistent with its ruling on the record.

Al-Maliky moved for reconsideration, re-raising the arguments that her statements to Citizens' adjusters constituted inadmissible hearsay and that summary disposition was premature because discovery was incomplete. Al-Maliky also asserted that her answers to interrogatories—provided to the court for the first time as an exhibit to her reconsideration motion—created a factual dispute regarding whether the Chrysler 200 was insured by Citizens and, thus, summary disposition was inappropriate. Finding that it had "committed no error—'palpable' or otherwise—in its" order granting summary disposition, the trial court denied Al-Maliky's motion for reconsideration.[3] This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *Id*. at 160 (citation and emphasis omitted). In considering a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted); see also MCR 2.116(G)(5) (requiring the court to consider "[t]he affidavits, together with the pleadings, depositions, *admissions*, and documentary evidence then filed in the action or submitted by the parties . . . when the motion is based on" MCR 2.116(C)(10)) (emphasis added). Such a motion "may only be granted when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 159 (citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. HEARSAY

Al-Maliky argues that the trial court impermissibly relied on hearsay evidence—transcripts of conversations she had with Citizens' adjusters—to resolve Citizens' motion for summary disposition. We disagree.

" 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c).

---

[3] On December 22, 2020, the trial court also entered an order dismissing Al-Maliky's claim against Zreik because "[n]o proof of service [was] filed as to" him and there was no "indication that [Zreik] submitted" to the trial court's jurisdiction. As noted earlier, it is the order dismissing Al-Maliky's claim against Zreik from which Al-Maliky appeals.

Hearsay is inadmissible unless it falls within an exception provided for by the rules of evidence. MRE 802. Under MRE 801(d)(2)(A), however, a statement is not hearsay if the statement is offered against a party and is "the party's own statement, in either an individual or a representative capacity . . . ." See MRE 801(d)(2)(A). That is, MRE 801(d)(2) "allows as nonhearsay[] an admission by a party opponent." *Merrow v Bofferding*, 458 Mich 617, 633; 581 NW2d 696 (1998). For evidence to be admissible as a party-opponent admission, the party seeking its admission must show by a preponderance of the evidence that the statement was actually made by the defendant. *Id.* at 633 n 14.

Al-Maliky's statements to Citizens' adjusters were admissible as nonhearsay because they were admissions by a party opponent. The uncontroverted evidence shows that on two separate occasions, Al-Maliky gave voluntary statements to Citizens' adjusters and admitted that she knowingly drove an uninsured vehicle at the time of the accident. Al-Maliky was a party to this suit, and Citizens offered the statements against her. The fact that the statements are unsworn does not prevent their admission or the trial court's reliance on them in a dispositive motion. See *Merrow*, 458 Mich at 633.[4] She did not dispute that she made the statements. Thus, they constitute admissions by a party opponent and are not hearsay.[5] MRE 801(d)(2)(A); see also *Merrow*, 458 Mich at 633.

Additionally, admissions may support a dispositive motion, MCR 2.116(G)(2), and, if submitted, a court must consider them when deciding such a motion, MCR 2.116(G)(5). When a party seeks judgment under MCR 2.116(C)(10), the moving party *must* submit affidavits, depositions, admissions, and other documentary evidence in support of the motion. MCR 2.116(G)(3)(b). Accordingly, Al-Maliky's statements in the interview transcripts did not

---

[4] The Court is not persuaded by the authorities Al-Maliky submitted in support of the position that the general prohibition against considering unsworn statements in deciding dispositive motions also precludes the admission of party opponent admissions. None of Al-Maliky's proposed authorities are binding on this Court. See *Bienenstock & Assoc, Inc v Lowry*, 314 Mich App 508, 515; 887 NW2d (2016) (explaining that this Court is not bound by decisions of lower federal courts). More critically, none of Al-Maliky's authorities involve unsworn party admissions. Here, the critical inquiry is whether there was a preponderance of evidence to demonstrate that Al-Maliky made the statement. The trial court correctly found that there was.

[5] Al-Maliky asserts that "[n]either the trial court nor Citizens put forth any binding authority to suggest that the transcriptions were, in fact, admissible by way of party admission or otherwise. As such, they should not be relied on to the point of shifting the burden to Al-Maliky." Al-Maliky submitted her response to Citizens' motion for summary disposition on June 23, 2020, two weeks *after* the cutoff for filing her response, and one day before the hearing on the motion. At the hearing on Citizens' motion, Citizens' counsel asserted that because of Al-Maliky's late filing, she "did not get a chance to file a reply brief to their response . . . ." And although Citizens' counsel may not have cited caselaw in support of her argument regarding party admissions, she did cite MRE 801(d)(2) when arguing that Al-Maliky's statements were nonhearsay. Citizens also distinguished the caselaw Al-Maliky relied on in arguing that her statements were unsworn.

constitute hearsay, and the trial court did not err in relying on the interview transcripts when resolving Citizens' dispositive motion.

## IV.  SUMMARY DISPOSITION BEFORE DISCOVERY IS COMPLETE

Al-Maliky next argues that summary disposition was premature because discovery was incomplete and additional discovery would have provided more information relevant to determining whether the Chrysler 200 was insured at the time of the accident.[6]  We disagree.

"In general, summary disposition is premature if discovery on a disputed issue has not been completed."  *Walrath v Witzenmann USA LLC*, 320 Mich App 125, 144; 904 NW2d 875 (2017). The mere fact that discovery is incomplete, however, "does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate."  *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009).

> The question is whether further discovery stands a fair chance of uncovering factual support for the opposing party's position.  In addition, a party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence. The party opposing summary disposition must offer the required MCR 2.116(H) affidavits, with the probable testimony to support its contentions.  [*Id*. at 292-293 (footnotes omitted).]

See also *Augustine v Allstate Ins Co*, 292 Mich App 408, 420; 807 NW2d 77 (2011) ("Allowing discovery on the basis of conjecture would amount to allowing an impermissible fishing expedition.") (Quotation marks and citation omitted).

---

[6] Citizens contends Al-Maliky waited until her motion for reconsideration to raise the issue of incomplete discovery.  This is incorrect, to a degree.  In her response, Al-Maliky argued that summary disposition would be premature because discovery was incomplete.  She explained that discovery was incomplete because she sought to add a new defendant.  On appeal, Al-Maliky argues that discovery was incomplete and that additional discovery "would have likely provided the trial court with more information to base its opinion on regarding whether the subject vehicle was, in fact, insured at the time of the accident."  Thus, although Al-Maliky argued in her response to Citizens' motion for summary disposition that summary disposition would be premature because she sought to add a new defendant, this is not the basis for her prematurity argument on appeal.  Even so, Al-Maliky raised the general argument that summary disposition would be premature because discovery was incomplete, and the trial court found that she had failed to provide an offer of proof regarding what additional discovery may show.  Thus, to the extent Citizens argues the issue is unpreserved, we disagree and conclude that the issue is preserved for appellate review.  See *Glasker-Davis v Auvenshire*, 333 Mich App 222, 227; 964 NW2d 809 (2020) (holding that an issue must be raised in or decided by the trial court for it to be preserved for appeal).

Al-Maliky's argument regarding the prematurity of summary disposition fails for three reasons. First, under the only scheduling order entered in the case, the discovery cutoff was March 5, 2020, and the record contains no indication that Al-Maliky sought to extend it. Citizens moved for summary disposition on April 8, 2020, approximately a month after the discovery cutoff. Second, Al-Maliky based her claim of prematurity on the fact that she wanted to add a new defendant, not on any disputed issue with Citizens that required further discovery. See *Marilyn Froling Revocable Living Trust*, 283 Mich App at 292. And third, Al-Maliky failed to present the required MCR 2.116(H) affidavits with the probable testimony to support her contentions. See *id*. at 292-293. Thus, Al-Maliky's argument, that summary disposition was premature, is unavailing.

## V. MOTION FOR RECONSIDERATION

Al-Maliky also asserts that when she presented the interrogatory answers with her motion for reconsideration, the trial court should have "immediately reversed" its decision on Citizens' dispositive motion. We disagree.

An issue must be raised in or decided by the trial court for it to be preserved for appeal. *Glasker-Davis v Auvenshire*, 333 Mich App 222, 227; 964 NW2d 809 (2020). But "an issue is not preserved if it raised for the first time in a motion for reconsideration in the trial court." *George v Allstate Ins Co*, 329 Mich App 448, 454; 942 NW2d 628 (2019). Because Al-Maliky first argued that the trial court failed to consider her answers to the interrogatories that conflicted with the interview transcripts in her motion for reconsideration, the issue is not preserved for appellate review. Unpreserved issues are reviewed for plain error. *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 427 (quotation marks and citations omitted). "An error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (cleaned up).

A motion for reconsideration is used to correct palpable error, not present new evidence or arguments. *Maiden v Rozwood*, 461 Mich 109, 126 n 9; 597 NW2d 817 (1999). A trial court, therefore, "has full discretion to decline to consider evidence presented with a motion for reconsideration that could have been presented the first time the issue was argued." *Yachcik v Yachcik*, 319 Mich App 24, 42; 900 NW2d 113 (2017) (quotation marks and citation omitted); see also *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008) ("We find no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order.") (quotation marks and citation omitted).

The trial court did not plainly err in declining to consider Al-Maliky's answers to interrogatories submitted with her motion for reconsideration. The answers to interrogatories Al-Maliky relies on are dated May 15, 2020, approximately a month after Citizens moved for summary disposition, and approximately a month before Al-Maliky responded to Citizens' motion for summary disposition. Thus, the answers to the interrogatories Al-Maliky relies on could have been presented when the trial court decided Citizens' dispositive motion. Accordingly, the trial court was within its discretion to decline to consider the interrogatories. *Yachcik*, 319 Mich App at 42.

But even considering the content of the answers to the interrogatories, they do not create a factual issue regarding whether the Chrysler 200 was insured on the day of the accident, as Al-Maliky purports. Citizens' Interrogatory No. 5 called for a list of the persons staying with Al-Maliky on the day of the motor vehicle accident, their relationship to her, whether they owned any automobiles and, if so, the make and model of the automobiles, the address and telephone number for those persons, and the insurance company for that person. First, for the names of the person or persons staying with her, and her relationship to them, Al-Maliky directs the reader to her answer for Interrogatory No. 4, which is redacted. Al-Maliky then responded, "No," to whether that person or those persons owned any vehicles, yet proceeded to list four different vehicles apparently owned by the person or persons. And Al-Maliky provided the address for the person or persons, and listed Citizens as the insurance company for the person or persons.

Further, assuming reference to the "2013 Chevy 200" is a typographical error, even if it referred to the 2013 Chrysler 200 at issue, Al-Maliky's answer to the interrogatory does not create a factual issue regarding whether the Chrysler 200 was insured at the time of the accident. Al-Maliky's answer merely indicates that Citizens was the insurer for the person or persons staying with Al-Maliky at the time of the accident; it does not support a finding that the Chrysler 200 at issue was insured with Citizens. In other words, Al-Maliky's answers do not indicate which vehicle was insured by Citizens, if any. The interrogatories were imprecise, and the answers were ambiguous. Accordingly, Al-Maliky's argument, that her answers to the interrogatories created a genuine issue of material fact regarding whether the Chrysler 200 was insured at the time of the accident, is unavailing. Regardless, as noted earlier, because Al-Maliky's answers to the interrogatories were submitted for the first time with her motion for reconsideration, despite being available at the time the trial court decided Citizens' dispositive motion, the trial court did not abuse its discretion in declining to consider that evidence. *Yachcik*, 319 Mich App at 42.

## VI. CREDIBILITY DETERMINATION

Finally, Al-Maliky argues the trial court made improper determinations related to her credibility based on the interview transcripts, failed to consider her answers to interrogatories that conflicted with her statements in the interview transcripts, and did not view the evidence in the light most favorable to Al-Maliky as the nonmoving party. We disagree.

Al-Maliky argues on appeal that her motion for reconsideration "discussed the issue of the trial court improperly determining the credibility of Al-Maliky," and that the trial court did not consider her answers to the interrogatories, "which directly conflicted with the inadmissible interview transcripts" and "certainly did not give the benefit of *any* doubt to Al-Maliky." As discussed earlier, Al-Maliky's admissions in her interviews with Citizens' adjusters are admissible as party admissions. Further, the trial court did not abuse its discretion in declining to consider Al-Maliky's answers to the interrogatories because they were provided to the trial court for the first time in Al-Maliky's motion for reconsideration, despite being available before the motion for summary disposition was decided. See *Woods*, 277 Mich App at 630 ("We find no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order.") (quotation marks and citation omitted). The only party that submitted evidence to the trial court was Citizens, so there was no credibility determination for the court to make. That is, Al-Maliky did not present *any* evidence in opposition to Citizens' motion for summary disposition that the trial court could have weighed against the

interview transcripts. Citizens submitted Al-Maliky's own admissions that the Chrysler 200 was uninsured at the time of the accident, and Al-Maliky failed to rebut those admissions with her own evidence. Even if the court looks past the absence of evidence rebutting the admissions, Al-Maliky failed to argue that she did not make the statements to Citizens adjusters; she only argued that the statements were inadmissible. Finally, to the extent Al-Maliky argues the burden never shifted to her because the interview transcripts were inadmissible hearsay, as discussed, that argument is unavailing in light of our conclusion that the transcripts constituted party admissions.

We affirm the trial court's decision granting summary disposition.


/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Noah P. Hood