*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMANDA NORTON,

        Plaintiff-Appellant,

v

BEACON SPECIALIZED LIVING SERVICES,
INC.,

        Defendant-Appellee.

UNPUBLISHED
December 16, 2024
11:00 AM

No. 367739
Ingham Circuit Court
LC No. 21-000642-CZ

Before: GADOLA, C.J., and SWARTZLE and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting defendant's motion for dismissal in this action arising from the Whistleblower Protection Act (WPA), MCL 15.361 *et seq.*. On appeal, plaintiff contends that the trial court erred in requiring her to pay $500 as a sanction for costs and for dismissing the litigation premised on her inability to pay. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

On October 5, 2021, plaintiff filed a complaint alleging that she was employed by defendant as a regional registered nurse from April 19 through July 8, 2021. Plaintiff asserted that she was a mandatory reporter under Michigan law and disclosed "a suspected violation of law, regulation and/or rule to a government agency on July 8, 2021." As a result of her report, plaintiff purportedly participated in a state healthcare entity's investigation of defendant's actions that "affected the health of the person or persons in [d]efendant's care." That same day, plaintiff claimed that she told her superiors that she had participated in the state investigation. Within two hours of her participation, defendant notified plaintiff that she was terminated. Plaintiff contended that she was involuntarily terminated on July 8, 2021, in retaliation for her engagement in protected activity in violation of the WPA. Alternatively, plaintiff claimed that her termination was contrary to public policy.

On August 24, 2022, plaintiff's counsel moved to withdraw, citing a breakdown in the attorney-client relationship that could not be repaired. Defendant did not object to the withdrawal, but requested that the trial court decline to amend the prior scheduling order or otherwise adjourn

dates and deadlines, noting the filing of the action in October 2021, the upcoming discovery closure on September 30, 2022, and mediation on October 7, 2022. At the September 7, 2022 hearing on the motion, the trial court granted the withdrawal motion. Additionally, the trial court allowed plaintiff 60 days to obtain a new attorney and extended the scheduling order dates, including discovery, for 90 days.

In January 2023, the court gave notice that the case was reassigned to a new circuit court judge. In February 2023, the parties were notified of a March 8, 2023 status conference and were sent a new scheduling order addressing discovery, trial, and other pertinent dates. On March 2, 2023, defendant filed a "submission" to provide the new trial judge with a summary of the filings and procedural history. Defendant advised of the action under the WPA, the withdrawal of counsel, and the status of discovery. Specifically, defendant alleged that plaintiff was uncooperative during her deposition and failed to bring pertinent documents causing the deposition to be continued and completed later. Defendant alleged that plaintiff had failed to respond to discovery that remained outstanding. The time for plaintiff to obtain a new attorney had expired, and no notice of appearance had been filed or served. Defendant alleged that plaintiff abandoned her action.

On March 23, 2023, the trial court filed an order following a status conference. Plaintiff was ordered to fully respond, in writing, to defendant's outstanding discovery requests and produce outstanding documents by April 7, 2023. If plaintiff complied, defendant was to notify the court to schedule a status conference. If plaintiff failed to fully respond, defendant "may file a motion to dismiss for want of prosecution."

On May 1, 2023, defendant moved to dismiss plaintiff's complaint for want of prosecution, MCR 2.502 (failure to show progress for 91 or more days), and/or for failure to comply with the trial court's order addressing discovery, MCR 2.313(B)(2)(c). Specifically, defendant alleged that plaintiff had not prosecuted her case for well over 91 days and she had not complied with the court's order, issued eight months earlier, to fully and completely respond to discovery. Defendant contended that the lack of progress was because of plaintiff's inactions, not her prior attorney's conduct. That is, plaintiff did not move the case forward, failed to use the time granted to obtain new counsel, and failed to respond despite being granted additional discovery time. Accordingly, defendant alleged that dismissal with prejudice was appropriate under the court rules cited.

On May 22, 2023, new counsel for plaintiff filed an appearance and filed an emergency motion for a 21-day extension to file a response to defendant's dismissal motion. Despite the complaint allegations premised on the WPA and public policy, in this motion, plaintiff alleged that her suit sought recovery for "years of wage theft" and for violations of state and federal "wage and hour law."[1] The lower court register of actions reflects that the trial court adjourned defendant's motion to dismiss.

---

[1] Again, the complaint filed in this action alleged that plaintiff was employed by defendant from April 19 through July 8, 2021 and that her employment was terminated for reporting a legal violation, a retaliatory act contrary to the WPA and public policy. There is no indication that new counsel sought to amend the complaint to allege wage and hour violations or long-term wage theft.

On June 23, 2023, plaintiff filed a response to defendant's motion to dismiss. Although defendant faulted plaintiff for failing to obtain new counsel, she had now done so and counsel was in the process of ensuring compliance with all court orders, including discovery. Plaintiff's new counsel sought additional time to address the outstanding discovery. It was requested that the defense motion to dismiss be denied.

On June 29, 2023, a hearing was held on the motion to dismiss,[2] and the parties argued their respective positions as stated in their briefs. After weighing the factors, including plaintiff's substantial delay in failing to provide discovery and the prejudice to the defense, the trial court determined that defendant's motion to dismiss was denied, but reasonable costs of $500 were payable to defendant or the case would be dismissed. On July 20, 2023, the trial court signed an order denying defendant's motion to dismiss under MCR 2.502 and MCR 2.313 "for the reasons stated on the record." The order also required plaintiff to pay defendant its costs in the amount of $500. But, if timely payment was not made, plaintiff's complaint would be immediately dismissed with prejudice.

On July 21, 2023, plaintiff submitted a filing entitled "motion for relief from judgment," but the motion also requested reconsideration of the $500 sanction for costs. Plaintiff claimed that she was financially unable to pay defendant. Plaintiff alleged that the enforcement of this payment provision would potentially result in dismissal because of financial hardship, a matter unrelated to the merits of her claims. Under MCR 2.313, the allowance of expenses may be excused by the court when the noncompliance was substantially justified or an award of expenses was unjust. Here, plaintiff was not unwilling to pay, just unable. Accordingly, plaintiff asked the court to "reconsider" the $500 award to defendant and removal of the sanction because of her financial inability to pay. With the motion, plaintiff submitted a "declaration" indicating that she was unable to pay $500 at this time in either a lumpsum or payment plan. It was further alleged that the financial sanction requirement would prevent plaintiff from choosing "between financial stability and my lawsuit progressing."[3]

On August 3, 2023, defendant again moved to dismiss plaintiff's complaint for failing to comply with court orders, citing MCR 2.504(B)(1) and MCR 2.313(B)(2)(c). Defendant alleged that plaintiff failed to comply with the March 22, 2023 order that she complete outstanding discovery by April 7, 2023. A second court order was issued on July 20, 2023, that arose from defendant's motion to dismiss for plaintiff's failure to comply with the court's March order and for failing to prosecute her case. Defendant reiterated the case history, the noncompliance with

---

[2] Initially, plaintiff did not file the transcript of this hearing or seek to file less than the full transcript contrary to MCR 7.210(B)(1)(a) and (c). During oral argument on the appeal, this Court questioned plaintiff about the failure to submit the pertinent transcript. Following appellate argument, plaintiff filed this transcript in which the trial court gave a detailed explanation of the factors applicable to dismissal and its rationale for denying defendant's motion to dismiss but ordering plaintiff to pay a sanction.

[3] On August 1, 2023, plaintiff moved for a protective order, objecting to the scope of defendant's discovery requests. The trial court denied this motion. Plaintiff has not challenged the protective order decision in her statement of questions presented, and we will not address it further.

discovery, the withdrawal of counsel, the failure to timely retain new counsel, and plaintiff's personal failure to pursue her case in the absence of counsel. Despite ten separate document requests, plaintiff allegedly failed to produce the material. As a result of plaintiff's noncompliance, defendant moved for dismissal, but the trial court denied the motion and gave plaintiff the opportunity to respond to discovery by July 27, 2023. Plaintiff was also ordered to pay $500 in cost to defendant by July 29, 2023. The court further ordered that the failure to make this payment would result in the immediate dismissal of the complaint with prejudice. Yet, plaintiff did not timely respond to the discovery or issue timely objections. Instead, after the deadline, plaintiff moved for a protective order and failed to pay the sanction. Defendant requested dismissal for the failure to comply with the court's March and July orders, asserting that plaintiff's conduct was inexcusable and left defendant unable to respond and defend against plaintiff's claims. Dismissal was also warranted under MCR 2.313(B)(2)(c) because plaintiff did not timely respond to discovery, raise objections to the discovery requests, and sign the answers under oath.

On August 17, 2023, plaintiff filed her response to the dismissal motion. Plaintiff asserted that two of the three grounds for dismissal, failing to pay the $500 sanction and failure to provide complete answers, were the subject of motions pending before the court. Therefore, they could not be grounds for dismissal. And, plaintiff alleged that she complied with the oath requirement. Plaintiff had a legitimate basis to object to defendant's discovery request because it sought personal information of others and about issues that had no application to the present dispute. Plaintiff asked that defendant's motion be denied.

At the hearing on the motions, the trial court questioned plaintiff's ability to comply with the order to pay $500 in sanctions for delayed discovery because plaintiff's conclusory declaration contained no financial information and did not address her ability to pay. In response to the trial court's question, plaintiff's counsel admitted that plaintiff earned between "40 and 50" thousand apparently without including income from her "side" businesses. Because plaintiff failed to establish indigency and her compliance with the court's orders, the trial court denied plaintiff's motion for reconsideration and granted defendant's motion to dismiss.

## II. ANALYSIS

"This Court reviews a trial court's decision to sanction a party for a discovery violation for an abuse of discretion." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090), slip op at 9 (citation omitted). The trial court's inherent authority to sanction misconduct and manage its docket is also reviewed for an abuse of discretion. *Id*. And, a trial court's dismissal of a case for a lack of progress is examined for an abuse of discretion. *Id*. An abuse of discretion occurs when the trial court's decisions falls outside the range of principled outcomes. *Id*.

The trial court did not abuse its discretion by ordering plaintiff to pay $500 as a sanction for noncompliance with discovery and for dismissing the action when plaintiff failed to pay because she did not support her claim that she was unable to pay.

A spectrum of sanctions must be available to the court, as appropriate, as set forth in statute or court rule. *NHL v Metropolitan Hockey Club, Inc*, 427 US 639, 643; 96 S Ct 2778; 49 L Ed 2d 747 (1976). The purpose of sanctions is "not merely to penalize those whose conduct may be

deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id*. A party may seek an order compelling discovery by motion. MCR 2.313(A); *Tolas Oil & Gas Exploration Co*, ___ Mich App at ___; slip op at 9. An order to compel discovery may be necessary when an attempt to obtain discovery through depositions or interrogatories fails. *Id*. When answers or responses are incomplete or evasive, it will be treated as a failure to disclose, answer, or respond. *Id*. If the trial court grants a motion to compel, it may require that the noncompliant party pay the moving party's reasonable expenses. *Id*., slip op at 9-10. The sanctions imposed are not limited to those incurred in bringing the motion to compel, but sanctions "as are just" may be awarded. *Id*., slip op at 10.

Under the circumstances of this case, we conclude that the trial court did not abuse its discretion by ordering plaintiff to pay $500 as a sanction for costs for failure to engage in discovery. Plaintiff filed her action in October 2021. Nearly ten months later, plaintiff's counsel withdrew from the action, and plaintiff was given 60 days to obtain new counsel. She did not do so. Further, plaintiff took no action to prosecute the matter herself. After the action was transferred to a new judge, a conference was scheduled. Defendant filed a "submission" seeking dismissal because of plaintiff's failure to pursue the litigation. The court issued an order on March 23, 2023, requiring that plaintiff comply by April 7, 2023, and authorizing defendant to file a motion to dismiss for want of prosecution for plaintiff's lack of compliance. After plaintiff failed to timely complete the discovery, defendant filed its motion. Again, the trial court did not grant dismissal, but ordered plaintiff pay $500 as a sanction for costs by July 29, 2023, adding that plaintiff's failure to pay would result in dismissal. Plaintiff failed to do so.

To warrant reversal of the trial court's order, plaintiff contends that it was erroneous to order a $500 sanction that she was unable to pay. To support her claim, plaintiff filed a "declaration," see MCR 1.109, wherein she simply concluded, without explanation, that she could not financially pay the $500 in a lumpsum or by making payments. Her conclusory allegations are insufficient to support this contention. See e.g., *Rose v Nat'l Auction Group*, 466 Mich 453, 470; 646 NW2d 455 (2002) (mere conclusions without providing an underlying foundation are insufficient); *Quinto v Cross & Peters Co*, 451 Mich 358, 362, 371-372; 547 NW2d 314 (1996). Moreover, upon questioning of plaintiff's counsel, the trial court determined that plaintiff earned a salary that did not meet the standard for indigency.[4]

---

[4] We also reject plaintiff's reliance on *Sutton v Advance Pharms, Inc*, unpublished per curiam opinion of the Court of Appeals, issued October 25, 2016 (Docket No. 359090) because it is distinguishable. In *Sutton*, the plaintiff, appearing *in propria persona*, had established through a waiver of fees that he was indigent and received public assistance. Although the *Sutton* majority agreed with the defendant that there was nothing requiring the trial court to consider a plaintiff's economic status when determining the reasonableness of a sanction, it concluded that the trial court abused its discretion when the defendant only requested $400 in attorney fees and the trial court awarded $500, a seemingly arbitrary figure. *Id*. at slip op 3. Our plaintiff never provided a foundation to demonstrate indigency. And, plaintiff failed to argue that the $500 was an arbitrary

We reject plaintiff's claim that the trial court erred in ordering plaintiff pay a $500 sanction. Because of the history of inactivity and noncompliance, the trial court did not abuse its discretion in ordering a $500 sanction. Plaintiff's second issue stated that the trial court erred in dismissing plaintiff's action because of her "inability" to pay the $500 sanction. As noted, plaintiff's declaration failed to demonstrate that she was unable to pay. Accordingly, the trial court did not abuse its discretion by dismissing the action for failure to pay the sanction.[5]

Affirmed.

/s/ Michael F. Gadola
/s/ Brock A. Swartzle
/s/ Anica Letica

---

and unreasonable sanction. Contrary to plaintiff's assertion, the *Sutton* majority opinion does not require reversal of the $500 sanction.

[5] Although not raised in the statement of questions presented, but for purposes of completeness, the factors did not establish that dismissal was too drastic a sanction in light of the history of willful noncompliance and the prejudice to defendant. See *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008).