*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN
# COURT OF APPEALS

*In re* Guardianship of GJB.

ALANA BULLIS,

           Appellant,

v

LISA J. BULLIS,

           Appellee.

UNPUBLISHED
March 17, 2026
9:23 AM

No. 375937
Ottawa Probate Court
LC No. 23-069991-GA

---

*In re* Conservatorship of GJB.

ALANA BULLIS,

           Appellant,

v

LISA J. BULLIS,

           Appellee.

No. 375938
Ottawa Probate Court
LC No. 23-069992-CA

---

Before: PATEL, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

In these consolidated guardianship and conservatorship cases, GJB's daughter-in-law appeals the trial court's opinion and order terminating the guardianship and conservatorship of GJB. Because the trial court did not abuse its discretion, we affirm.

## I. BACKGROUND

-1-

This case began when GJB suffered a traumatic brain injury after slipping and falling in her employer's parking lot. GJB had two children involved in her care: her daughter who lives in Michigan and her son who lives in Washington. When the accident occurred, GJB moved into her daughter's home, and the daughter was appointed as GJB's guardian and conservator.

About two years after the fall, the daughter exchanged text messages with her brother, expressing concerns that she was suffering from burnout, depression, and suicidal ideation. The daughter wrote that "99% of the daily labor, expense, and overall burden" of caring for GJB was being shouldered by her and that there was "no relief in sight." Because of these text messages, the daughter-in-law, GJB's son's wife (a lawyer in Washington), petitioned the trial court to replace the daughter as GJB's guardian and conservator.

In response, the daughter filed counterpetitions to terminate the guardianship and conservatorship because GJB had largely recovered from her injury, and attached a letter from GJB's longtime medical provider who opined that GJB did not require a guardian or conservatorship and did not suffer from any condition that would limit her ability to make independent decisions. The daughter-in-law filed supplements to her objections and petitions, including statements from a neuropsychologist that GJB met diagnostic criteria for mild vascular dementia but could still make her own medical decisions.

At the hearing on the petitions, the trial court asked the parties whether they wished to conduct a "full-blown" hearing or to treat the hearing as a pretrial conference before mediation. The daughter stated that her preference was to hold a full hearing to "take care of it today." The daughter-in-law did not respond directly to the trial court's question and instead began offering argument. The trial court interrupted the daughter-in-law and outlined its preferred manner for conducting the hearing: hear testimony from GJB first and then "turn [the hearing] into more of an expert issue" if the trial court felt like further testimony or evaluation was needed. The trial court asked the parties if "that sound[ed] fair to everybody," and the daughter-in-law responded, "That's fair, your honor."

After hearing testimony from GJB and the daughter, as well as closing arguments from the daughter and daughter-in-law, the trial court terminated GJB's guardianship and conservatorship. The trial court in its opinion noted that only a small amount of the documentation in the record was authenticated or presented during the hearing. The trial court placed a "great deal of weight" on GJB's testimony, finding that GJB possessed a high level of competency. The daughter-in-law moved for reconsideration, the trial court denied the motion, and these appeals followed.

## II. ANALYSIS

On appeal, the daughter-in-law argues that the trial court erred by terminating GJB's guardianship and conservatorship without holding an evidentiary hearing and considering medical evidence. "We review for an abuse of discretion a probate court's dispositional rulings and review for clear error the factual findings underlying its decision." *In re Velasquez*, 344 Mich App 118, 127; 998 NW2d 898 (2022). The trial court abused its discretion if it chose an "outcome outside the range of reasonable and principled outcomes," or it made an error of law. *Id.* A factual finding is clearly erroneous if the Court is firmly and definitely convinced that the trial court made a mistake. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

An individual is incapacitated if she "is impaired by reason of mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication, or other cause, not including minority, to the extent of lacking sufficient understanding or capacity to make or communicate informed decisions." MCL 700.1105(a). The trial court may appoint a guardian if it finds that (1) the individual is incapacitated, and (2) the "appointment is necessary as a means of providing continuing care and supervision of the incapacitated individual." MCL 700.5306(1). The trial court "shall grant a guardian only those powers and only for that period of time as is necessary to provide for the demonstrated need of the incapacitated individual." MCL 700.5306(2). For a conservatorship, the following conditions must be met:

> (a) The individual is unable to manage property and business affairs effectively for reasons such as mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication, confinement, detention by a foreign power, or disappearance.
>
> (b) The individual has property that will be wasted or dissipated unless proper management is provided, or money is needed for the individual's support, care, and welfare or for those entitled to the individual's support, and that protection is necessary to obtain or provide money. [MCL 700.5401].

The trial courts use the same procedures to terminate a guardianship or conservatorship as it uses to establish appointment. MCL 700.5310(4); MCL 700.5431. The findings for a guardianship and conservatorship must be proven by clear and convincing evidence. MCL 700.5306(1); MCL 700.5406(7).

The daughter-in-law argues that the trial court abused its discretion by terminating GJB's conservatorship and guardianship without conducting an evidentiary hearing. It is clear from the record that the trial court held an evidentiary hearing before making its opinion. Evidentiary hearings involve the presentation of evidence by the parties about contested factual questions so that the trial court can make sufficiently informed decisions. See *Brown v Loveman*, 260 Mich App 576, 599-600; 680 NW2d 432 (2004). GJB and the daughter provided sworn testimony at the hearing, which was subjected to cross-examination by the daughter-in-law. The daughter-in-law was also provided an opportunity to call witnesses, but she declined to call any.

The trial court controlled the hearing in an orderly and efficient manner. See *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). And the daughter-in-law agreed with the trial court's suggested course of action and participated fully in the hearing, even providing cross-examination and closing arguments. Therefore, any challenge to how the trial court conducted the evidentiary hearing has been waived. See *Hartfiel v Eastpointe*, 333 Mich App 438, 455; 960 NW2d 174 (2020) ("A party who expressly agrees with an issue in the trial court cannot then take a contrary position on appeal.").

The daughter-in-law also argues that the trial court erred in not considering documentary evidence submitted before the hearing. The Michigan Rules of Evidence applied to this case. MRE 1101(a). To authenticate and identify an item of evidence, the daughter-in-law had to "produce evidence sufficient to support a finding that the item is what its proponent claims it is." MRE 901(a). Because the daughter-in-law did not move to admit and authenticate any medical reports or other documentary evidence that she wanted the trial court to consider, the trial court

did not abuse its discretion by relying on testimony from GJB and the daughter when determining that GJB no longer required a guardian or conservator.

As for the daughter-in-law's argument regarding the trial court's denial of her motion for reconsideration, she has abandoned the argument on appeal. Although we review for an abuse of discretion the trial court's decision on a motion for reconsideration, *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008), the daughter-in-law may not merely announce her position and "leave it to this Court to discover and rationalize the basis" for her claims, *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008). Because the daughter-in-law does not explain why she believes that the trial court abused its discretion by denying her motion for reconsideration, this argument has been abandoned on appeal.

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Philip P. Mariani